UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS
( WESTERN DIVISION )

_____

In the Matter of

SHREWSBURY STREET
DEVELOPMENT COMPANIES, INC.

                                              Chapter 11
                                              No. 07-40073-JBR

                Debtor

_____

### DEBTOR'S OPPOSITION TO MOTION TO DISMISS FILED BY GAMEWELL REALTY, INC.

Now comes the above Debtor, by its attorney, and in opposition to the Motion to Dismiss filed by Gamewell Realty, Inc. (hereinafter "Game well"), hereby states:

1. Debtor denies the averments contained in paragraph one of Gamewell's motion., and states that the petition was filed the day before the scheduled auction.

2. Debtor denies the averment in paragraph two of the motion that the property is uninsured, and further answers that evidence of insurance has been provided to the United States Trustee in the customary manner

3. Debtor admits the averments contained in paragraph 3 of Gamewell's motion as to the date and time of the loan, but further answers that $38,000 of the acquisition price was provided by Nicholas J. Fiorillo, and not by Gamewell.

4. Debtor admits the averment contained in paragraph 4 of the motion that Mr. Fiorillo transferred his interest in the property to Debtor, but further answers that he had prior approval to do so from David Massad, the controlling person in Gamewell, and that no damage was sustained by Gamewell by a transfer to an entity wholly-owned by Fiorillo.

5. Debtor admits the averments contained in paragraphs 5, 6 and 7 of Gamewell's motion.

6. Debtor denies the averments stated in paragraph 8, 9 and 10 of Gamewell's motion to the extent that movant incorrectly states the reasons for the dismissal of the first Chapter 11 case, and incorrectly characterizes certain actions taken by Debtor. In fact, none of the critical factors which led to the dismissal of the first case are present in the instant case.

7. Debtor admits the averments contained in paragraphs 11 and 12 of Gamewell's motion to the extent that they indicate that Debtor failed to satisfy its obligations to Gamewell by January 9, 2007, but further answers that Debtor was prevented from so doing by a series of illegal actions undertaken by Gamewell and its affiliates and agents, and that as a result of these illegal actions, Debtor was compelled to seek relief from this Court.   See Affidavits of Nicholas J. Fiorillo and Robert Depietri, filed separately.

8. Debtor neither admits nor denies the averment contained in paragraph 14 of Gamewell's motion, but further answers that the act of rescheduling a foreclosure sale under these circumstances was violative of the automatic stay arising in these proceedings.

9. Debtor denies the legal arguments and conclusions made by Gamewell in paragraphs 15 through 20 of its motion, and further states that dismissal of the instant case is not warranted under these circumstances.

10. This case does not involve the same facts as the first case. No last minute transfer of property was involved in this matter. In the first case, this Court indicated that the matter involving the commercial property at 249-251 Lincoln Street could not be properly brought before this Court unless Mr. Fiorillo's wife, Tracy L. Krowel, was presented as the real party-in-interest. She subsequently filed her own Chapter 11 case, and a settlement was reached with LBM Financial, LLC, after which, her case was dismissed by agreement. That property is not involved in this case, and the facts are entirely different.

11. This Debtor acquired the subject property in this case in February 2005.

12. The Debtor has approximately $100,000 in additional creditor claims, apart from Mr. Fiorillo's wife, who nonetheless also has a valid claim in excess of $200,000 properly evidenced by a note and mortgage given for good consideration.

13. The Debtor plans to propose a feasible reorganization within a reasonable time.

14. At the time of the filing, the property had a value of approximately $350,000, but has a development value, subject to certain conditions, of

considerably more.  Debtor has access to financing to significantly increase the value of the property during the course of these proceedings.

15. The property is not diminishing in value, and any interest of Gamewell in the subject property is adequately protected, and Debtor is preparing an offer of adequate protection to be submitted within a short time.

16. The claim of Gamewell herein is undersecured.

17. Debtor is preparing to file an Adversary Proceeding within the next seven (7) days, wherein it will ask this Court to equitably subordinate Gamewell's claim herein to the claims of all other creditors under 11 USC Section 510(c).

WHEREFORE, Debtor prays that the relief sought by Gamewell be denied, or that an evidentiary hearing be scheduled on Gamewell's motion, and that Debtor be given adequate time to file responsive pleadings , and for such other relief as may be warranted under these circumstances.

Respectfully submitted ,

SHREWSBURY STREET
DEVELOPMENT COMPANIES, INC.
Debtor-in-Possession

By its counsel,

 /s/Frank D. Kirby
FrankD.Kirby, Esquire (#273480)
Law Offices of Frank D. Kirby
Counsel to Debtor
40 Warren Street
Boston, Mass. 02129
(617) 269-5444
frank@fkirbyesq.com

VERIFICATION

I, Nicholas J. Fiorillo, president of the Debtor, hereby certify under pain and penalty of perjury that the facts stated above are true and correct, to the best of my own knowledge and belief.

/s/ Nicholas J. Fiorillo
_____
Nicholas J. Fiorillo
President

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the annexed Opposition has been served upon the following parties, by ECF.

Office of the United States Trustee
446 Main Street
Worcester, Massachusetts 01608

J. Robert Seder, Esq.
Seder & Chandler, LLP
339 Main Street
Worcester, Mass. 01602

Dated at Boston, Massachusetts, this 12th day of January, 2007

/s/ Frank D. Kirby
_____
Frank D. Kirby, Esq.
Frank D. Kirby & Assoc.
40 Warren Street
Boston, Mass. 02129
BBO # 273480
1-617-269-5444
frank@fkirbyesq.com