UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

---

In the Matter of

SHREWSBURY STREET
DEVELOPMENT COMPANIES, INC.

Chapter 11
No. 07-40073-JBR

Debtor

---

**AFFIDAVIT OF ROBERT J. DEPIETRI, JR.**

1. I Robert J Depietri resides at 4 North Pond Road, Worcester, MA have witnessed and have been a party to the following events.

2. I am Real Estate Developer and have constructed and financed many multi-million dollar projects in the Central Massachusetts Area over the last 25 years. Currently and in the past I have borrowed and re-paid many millions of dollars to Commerce Bank and LBM Financial LLC.

3. During the late months of 2005 I was asked by Marcello Mallegni of LBM Financial to assist Nicholas J Fiorillo in his efforts to develop a mixed-use project at 267 Shrewsbury Street in Worcester. Mr. Mallegni said it was imperative that Mr. Fiorillo resolve any difffence he might have with David G Massad concerning the original financing he had obtained from Gamewell Inc. At the time Mr. Mallegni had stated David G. Massad wanted approximately $560,000 as a pay off on the loan and that he and David Massad would provide financing for the proposed project.

4. I contacted Mr. Fiorillo and began to assist him in his efforts to resolve the dispute he had with Mr. Massad and develop a use for the property. With in a very short time frame we had landed a national fitness center for the first floor as a potential tenant. Upon the extreme interest from the tenant, I began to contract various architects and engineers including Universal Architects of Holliston, MA and CFS Engineering of Worcester to design a facility around the tenant needs. I also negotiated with abutting landowners to lease additional parking spaces from them fro the proposed project. Only after spending thousands of dollars and hundreds of hours of time and a proposed closing date and term sheet from LBM Financial, did Mr. Mallegni inform me that Mr. Massad and he had no further interest to lend the monies they had previously committed needed to develop the project.

5. Mr. Mallegni stated if I wanted to have a prosperous and continued relationship with LBM Financial and Commerce Bank, I would immediately back out of Mr. Fiorillo's development efforts and distances myself from him financial and otherwise.

6. On or about the second week in February 2006 I was invited to a meeting at 171 Locke Drive which was a facility owned by Mr. Mallegni that also housed Gamewell Realty. At the meeting David G Massad was present along with Mr. Mallegni and Mr. Fiorillo. In a lengthy shouting match between Mr. Fiorillo and Mr. Massad, Massad continually threatened Mr. Fiorillo financial and otherwise if he did not deed the property back to himself. Mr. Massad also indicated that he wanted full payment of all his outstanding monies owed on 267 Shrewsbury Street, on immediate demand. Then Mr. Massad and Mr. Mallegni continued the threats and stated they would take the hardest line availible and stated they would foreclose on Mr. Fiorillo's other outstanding loans with their various other lending companies.

7. During the next few months Mr. Fiorillo and Mr. Massad became involved in very large dispute and it eventually led to litigation, which received considerable coverage in local newspapers. Against Mr. Mallegni's explicit instructions I continued assist Mr. Fiorillo in finding a development solution for the property.

8. On or about September 1 2006, I received an early morning telephone call from Mr. Mallegni and he stated that unless I immediately stop assisting Mr. Fiorillo in developing 267 Shrewsbury Street, my loan positions at Commerce Bank and LBM Financial would be immediately compromised.

9. Then, a few days later I received notices of Default and a Demand from Commerce Bank (exhibit W) on a loan that I had at 44 Front Street Worcester MA. It stated I was in default and demanded immediate full repayment of approximately $2,600,000.00 and increased the interest rate from 7.5% to 11.5%, a 4 percent increase.

10. After receiving the default notices I tried to persuade Mr. Fiorillo to immediately settle his differences with Mr. Massad and Mr. Mallegni, as it was beginning to effect my business dealings with them, and shortly there after a partial settlement was concluded resolving litigation between Mr. Mallegni, LBM Financial and Mr. Fiorillo.

11. Shortly after the settlement being executed, I received communication from Commerce Bank, withdrawing the default notice and re-instating my loan to the 7.5% interest rate I had been paying previously. Subsequent to Commerce Bank's un-orthodox lending practices, I preceded to distance myself from them by aggressively seeking a refinance of 44 Front Street in order to remove myself from these repercussions of trying to help Nicholas Fiorillo out with his various real estate situations involving LBM and Gamewell.

12. Despite these pressures I have continued to help Mr. Fiorillo with the redevelopment of 267 Shrewsbury St. and most recently entered into a Purchase and Sales Agreement. This agreement was introduced last week by Mr. Fiorillo and his counsel in superior court litigation, in an unsuccessful attempt to stop a schedule auction on 267 Shrewsbury Street by Gamewell Realty Inc.

13. The day after the most recent hearing and my involvement being public, I again received Foreclosure Notices, these pertaining to my personal residence, from LBM Financial LLC, where as LBM demands full and immediate payment of all outstanding balances.

Sworn to under pain and penalty of perjury.

January 12, 2007

_____
Robert J. Depietri, Jr.